Andrew Goodman, Esq. (State Bar No. 115685)
**GOODMAN LAW OFFICES**
**A PROFESSIONAL CORPORATION**
30700 Russell Ranch Road, Suite 250
Westlake Village, California 91362
PHONE: (818) 802-5044;
FACSIMILE: (818) 975-5256
E-Mail: agoodman@andyglaw.com

Attorneys for ADP TotalSource, Inc

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re<br><br>NEXTSPORT, INC., | Case No. 22-40569 WJL<br><br>Chapter 11<br><br>**STIPULATION BETWEEN THE DEBTOR AND ADP TOTALSOURCE, INC. MODIFYING AUTOMATIC STAY** |

THIS STIPULATION FOR RELIEF FROM STAY is entered into by and between the Debtor, Nextsport, Inc. (the "Debtor") and ADP TotalSource, Inc. ("TotalSource"), with regard to the following:

WHEREAS, the Debtor and TotalSource are parties to that certain Client Services Agreement dated August 21, 2019 (the "CSA"), pursuant to which TotalSource provides to the Debtor human resource services under an arrangement whereby the parties act as co-employers of the employees providing services to the Debtor, referred to in the CSA as the Worksite Employees (the "Worksite Employees"); and

WHEREAS, pursuant to the CSA, the Debtor is required to fund the gross payroll for the Worksite Employees and TotalSource, in turn, issues the payroll to the Worksite Employees; and

WHEREAS, pursuant to the CSA, the Debtor also is required to pay workers

rfsstip

compensation administration fees and health insurance premiums to TotalSource, which in turn provides those offerings to the Debtor; and

WHEREAS, the failure of the Debtor to comply timely with the terms of the CSA puts TotalSource at risk in its role as co-employer of the Worksite Employees; and

WHEREAS, in order to protect TotalSource against potential exposure should the Debtor fail to comply with the terms of the CSA, Part 2, Section 13A of the CSA allows TotalSource to terminate the CSA "immediately and without prior notice to [the Debtor]" in the event of "[the Debtor's] non-payment of any amount due to TotalSource," among other things;" and

WHEREAS, Part 2, Section 13A of the CSA further provides that either party may terminate the agreement for any reason upon 30 days' prior written notice (the "30-Day Notice Provision"); and

WHEREAS, on July 13, 2022, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code and continues to maintain its assets and operate its business as a debtor in possession; and

WHEREAS, the Debtor desires to continue engaging TotalSource for the services provided for under the CSA in accordance with the terms of the CSA; and

WHEREAS, TotalSource is willing to continue providing services to the Debtor on the condition that it is provided with adequate protection as more fully set forth herein.

NOW, THEREFORE, it is stipulated and agreed by and between the Debtor and TotalSource as follows:

1.  In accordance with the terms of the CSA, as modified, no later than 72 hours prior to the Debtor's regularly scheduled payroll date, the Debtor shall timely pay by Automatic Clearing House debit transfer, wire transfer, or as otherwise approved by TotalSource, the gross payroll and all fees due for that pay period and submit all reports needed to process that payroll.

rfsstip

2. In the event the Debtor fails to make any payment when due or fails to submit timely to TotalSource the information needed for TotalSource to process payroll, time being of the essence, TotalSource shall have the right to terminate the CSA immediately and without further court order, pursuant to the terms of the CSA, provided, however that TotalSource shall first provide the Debtor's representative, David Lee, *david@nextsport.com*; and its attorneys Chris D. Kuhner, *c.kuhner@kornfieldlaw.com* and Eric A. Nyberg. *e.nyberg@kornfieldlaw.com*, with at least 48 hours' written notice and an opportunity to cure.

3. Notwithstanding anything contained in the CSA, TotalSource shall not seek to exercise its right to terminate the CSA under the 30-Day Notice Provision prior to the earliest to occur of (a) confirmation of a Chapter 11 plan, (b) conversion of this case to Chapter 7, (c) dismissal of this case, (d) the termination of all Worksite Employees, or (e) the passage of one year.

4. Except as set forth herein, the CSA shall remain in full force and effect without modification.

5. Nothing contained herein shall constitute a waiver of the right of TotalSource to seek to terminate the CSA for a reason other than that set forth in paragraph 2 hereof upon motion to this Court, or for the Debtor to oppose any such effort by TotalSource.

DATED: March 30, 2023

| GOODMAN LAW OFFICES<br>A Professional Corporation<br><br>By: /s/ Andrew Goodman<br>ANDREW GOODMAN, ESQ.<br>*Counsel For ADP TotalSource, Inc* | KORNFIELD NYBERG, BENDES<br>KUHNER & LITTLE, P.C.<br><br>By: /s/<br>ERIC NYBERG, ESQ.<br>CHRIS KUHNER, ESQ.<br>*Counsel for Debtor* |
|---|---|