Andrew Goodman, Esq. (State Bar No. 115685)
**GOODMAN LAW OFFICES**
**A PROFESSIONAL CORPORATION**
30700 Russell Ranch Road, Suite 250
Westlake Village, California 91362
PHONE: (818) 802-5044;
FACSIMILE: (818) 975-5256
E-Mail: agoodman@andyglaw.com

Attorneys for ADP TotalSource, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re<br><br>NEXTSPORT, INC., | Case No. 22-40569 WJL<br><br>Chapter 11<br><br>**NOTICE OF MOTION FOR APPROVAL OF STIPULATION BETWEEN THE DEBTOR AND ADP TOTALSOURCE, INC. MODIFYING AUTOMATIC STAY AND OPPORTUNITY FOR OBJECTIONS** |

**TO:** ALL CREDITORS AND PARTIES IN INTEREST:

**PLEASE TAKE NOTICE** that debtor and debtor-in-possession NEXTSPORT, INC. ("Debtor"), has entered into a stipulation with ADP TotalSource, Inc. ("Total Source") Modifying Automatic Stay.

**I.      FACTUAL BACKGROUND**

1.      The Debtor and TotalSource are parties to that certain Client Services Agreement dated August 21, 2019 (the "CSA"), pursuant to which TotalSource provides to the Debtor human resource services under an arrangement whereby the parties act as co-employers of the employees providing services to the Debtor, referred to in the CSA as the Worksite Employees (the "Worksite Employees").

///

2. Pursuant to the CSA, Debtor is required to fund the gross payroll for the Worksite Employees and TotalSource, in turn, issues the payroll to the Worksite Employees.

3. Pursuant to the CSA, the Debtor is also required to pay workers compensation administration fees and health insurance premiums to TotalSource, which in turn provides those offerings to the Debtor.

4. The failure of the Debtor to comply timely with the terms of the CSA puts TotalSource at risk in its role as co-employer of the Worksite Employees.

5. In order to protect TotalSource against potential exposure should the Debtor fail to comply with the terms of the CSA, Part 2, Section 13A of the CSA allows TotalSource to terminate the CSA "immediately and without prior notice to [the Debtor]" in the event of "[the Debtor's] non-payment of any amount due to TotalSource," among other things."

6. Part 2, Section 13A of the CSA further provides that either party may terminate the agreement for any reason upon 30 days' prior written notice (the "30-Day Notice Provision").

7. On July 13, 2022, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code and continues to maintain its assets and operate its business as a debtor in possession.

8. The Debtor desires to continue engaging TotalSource for the services provided for under the CSA in accordance with the terms of the CSA; and

9. On March 30, 2023, the Debtor and TotalSource entered into a Stipulation to Modify the Automatic Stay ("Stipulation")[Docket No. 190]. A copy of the Stipulation is attached as **Exhibit "A"** to the Declaration of Lucas Ordonez filed in support herewith. Pursuant to the Stipulation, Debtor and TotalSource stipulate as follows:

A. In accordance with the terms of the CSA, as modified, no later than 72 hours prior to the Debtor's regularly scheduled payroll date, the Debtor shall timely pay by Automatic Clearing House debit transfer, wire transfer, or as otherwise approved by TotalSource, the gross payroll and all fees due for that pay period and submit all reports needed to process that payroll.

B. In the event the Debtor fails to make any payment when due or fails to submit timely to TotalSource the information needed for TotalSource to process payroll, time

being of the essence, TotalSource shall have the right to terminate the CSA immediately and without further court order, pursuant to the terms of the CSA, provided, however that TotalSource shall first provide the Debtor's representative, David Lee, *david@nextsport.com*; and its attorneys Chris D. Kuhner, *c.kuhner@kornfieldlaw.com* and Eric A. Nyberg. *e.nyberg@kornfieldlaw.com*, with at least 48 hours' written notice and an opportunity to cure.

   C. Notwithstanding anything contained in the CSA, TotalSource shall not seek to exercise its right to terminate the CSA under the 30-Day Notice Provision prior to the earliest to occur of (a) confirmation of a Chapter 11 plan, (b) conversion of this case to Chapter 7, (c) dismissal of this case, (d) the termination of all Worksite Employees, or (e) the passage of one year.

   D. Except as set forth herein, the CSA shall remain in full force and effect without modification.

   E. Nothing contained herein shall constitute a waiver of the right of TotalSource to seek to terminate the CSA for a reason other than that set forth in paragraph 2 hereof upon motion to this Court, or for the Debtor to oppose any such effort by TotalSource. The legal rights and obligations under the terms of the Stipulation are intended to, and shall, inure to the benefit of, and be binding upon the parties to the Stipulation and their respective legal representatives, successors, and assigns.

## BASIS FOR RELIEF REQUESTED

Pursuant to Federal Rules of Bankruptcy Procedure 9019, "the court may approve a compromise or settlement." F.R.B.P. 9019(a). The "may" language of Rule 9019 indicates that the approval or disapproval of a proposed settlement lies within the sound discretion of the Court. A court should approve a compromise or settlement in bankruptcy if the settlement is "fair and equitable." *In re A&C Properties*, 784 F. 2d 1377 (9th Cir. 1986). The Court should consider the following factors in considering whether a proposed settlement is fair and equitable:

   (a) The probability of success in the litigation;

   (b) The difficulties, if any, to be encountered in the matter of collections;

   (c) The complexity of the litigation involved, and the expense, inconvenience and

delay necessarily attending it; and

(d) The paramount interest of the creditors and a proper difference to their reasonable views and the premises. *In re A&C Properties, 784 F.2d at 1381; Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F. 2d 610, 620 (9th Cir. 1988).

Basic to this determination is consideration of the "likely rewards of litigation." *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 425 (1968).

The bankruptcy court is not required to decide the numerous questions of law and facts raised by the litigation. Instead, the bankruptcy court's responsibility is only to "canvas the issues to see whether the settlement falls below the lower point in the range of reasonableness." *Cosoff v. Rodney (In re W.T. Grant Co.)* 699 F.2d 599, 613 (2nd Cir. 1983). The Court should withhold approval only if the settlement falls below the lowest point in the range of reasonableness. *In re Penn. Truck Lines, Inc.*, 150 B.R. 595, 601 (E.D. PA 1992).

Here, the proposed settlement set forth in the Stipulation meets the requirements for approval.

1. Probability of Success.

TotalSource provides human resource services to Debtor under an arrangement whereby the parties act as co-employers of the employees providing services to the Debtor, referred to in the CSA as the Worksite Employees (the "Worksite Employees").

Debtor funds the gross payroll and TotalSource issues the payroll to the Worksite Employees. Failure to fund the gross payroll puts TotalSource at risk in its role as co-employer of the Worksite Employees.

Pursuant to the Settlement/Stipulation should the Debtor fail to comply with the terms of the CSA, Part 2, Section 13A, TotalSource may terminate the CSA "immediately and without prior notice to [the Debtor] "in the event of [the Debtor's] non-payment of any amount due to Total Source," among other things and finally, Part 2, Section 13A of the CSA provides that either party may tereminate the agreement for any reason upon 30 days' prior written notice (the "30-Day Notice Provision"). Otherwise, the CSA shall remain in full force and effect without

modification. If there was a breach, the strong likelihood is that TotalSource would be able to obtain relief from the automatic stay, which would damage Debtor and its employees.

    2.        <u>Difficulties of Collection</u>.

This factor is not implicated in this analysis.

    3.        <u>Complexity and Expense of Litigation</u>.

As set forth above, the CSA allows Debtor to fund payroll for the Worksite Employees and for TotalSource to pay the Worksite Employees, thus preventing interruption of Debtor's business operations. To contest TotalSource's rights, the Debtor would be required to file an adversary proceeding, engage in discovery and ultimately participate in a trial on the merits. The cost to the estate would be significant and would delay this bankruptcy case significantly.

    4.        <u>Paramount Interest of the Creditors</u>.

The Stipulation resolves a critical issue in this case and allows the Debtor to continue to operate and have its employees paid.

## CONCLUSION

**WHEREFORE**, the Total Source and the Debtor request the Court grant the relief requested herein and the Stipulation be approved.

**PLEASE TAKE NOTICE THAT PURSUANT TO LOCAL RULE 9014-1 (b)(3) UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, ANY OBJECTION TO THE REQUESTED RELIEF, OR A REQUEST FOR HEARING ON THE MATTER, MUST BE FILED AND SERVED UPON THE INITIATING PARTY WITHIN 21 DAYS OF MAILING THE NOTICE;**

**PLEASE TAKE FURTHER NOTICE THAT IF THERE IS NO TIMELY OBJECTION TO THE REQUESTED RELIEF OR A REQUEST FOR HEARING, THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF BY DEFAULT.**

**PLEASE TAKE FURTHER NOTICE THAT IN THE EVENT OF A TIMELY OBJECTION OR REQUEST FOR HEARING, THE INITIATING PARTY WILL GIVE AT LEAST SEVEN (7) DAYS WRITTEN NOTICE OF THE HEARING TO THE**

OBJECTING OR REQUESTING PARTY, AND TO ANY TRUSTEE OR COMMITTEE APPOINTED IN THE CASE.

DATED: April 13, 2023

GOODMAN LAW OFFICES
A Professional corporation

By: /s/ Andrew Goodman
ANDREW GOODMAN, ESQ.
(Bar No. 115685)
Attorneys for ADP TotalSource, Inc.

**DECLARATION OF SERVICE**

I am at least 18 years of age and not a party to the within-entitled action. I am employed in the City of Westlake Village in the County of Ventura where the mailing took place. My business address is 30700 Russell Ranch Road, Suite 250, Westlake Village, California. On April 13, 2023, I caused to be served a copy of the following documents:

**NOTICE OF MOTION FOR APPROVAL OF STIPULATION FOR ALLOWANCE OF SECURED CLAIMS AND ADEQUATE PROTECTION PAYMENTS AND OPPORTUNITY FOR OBJECTIONS;**

**MOTION FOR APPROVAL OF STIPULATION FOR ALLOWANCE OF SECURED CLAIMS AND ADEQUATE PROTECTION PAYMENTS; AND**

**DECLARATION OF DAVID LEE IN SUPPORT OF MOTION FOR APPROVAL OF STIPULATION FOR ALLOWANCE OF SECURED CLAIMS AND ADEQUATE PROTECTION PAYMENTS**

to the name(s) addressed below:

| | |
|---|---|
| *Via-Electronic Service*<br>jared.a.day@usdoj.gov<br>Office of the U.S. Trustee Phillip J. Burton<br>Federal Building Attn: Jared Day<br>450 Golden Gate Ave.<br>5th Fl., #05-0153 San Francisco, CA 94102 | *Via-Email*<br>Kevin M. Capuzzi, Esquire<br>John C. Gentile, Esquire<br>Benesch, Friedlander, Coplan &<br>Aronoff LLP<br>1313 North Market Street, Suite 1201<br>Wilmington, DE 19801<br>kcapuzzi@beneschlaw.com<br>jgentile@beneschlaw.com |
| *Via-Email*<br>Amber Donner, Esq.<br>Spector Rubin, P.A.<br>Continental Plaza<br>3250 Mary Street, Suite 405<br>Miami, Florida 33133<br>Amber.Donner@spectorrubin.com | *Via-Email*<br>China Export & Credit Insurance<br>Corporation/Sinosure<br>Attn: Brian Mitteldorf, U.S. Agent<br>4340 Fulton Ave., Third Floor<br>Sherman Oaks, CA 91423<br>E-mail: blm@cabcollects.com |
| *Via-Email*<br>OL USA LLC<br>265 Post Avenue<br>Westbury, NY 11590<br>Phone: (516) 654-7226<br>E-mail: angel.espinoza@tts-worldwide.com | *Via-Email*<br>Eric R. Wilson<br>Maeghan J. McLoughlin<br>Eloy A. Peral Kelley, Drye and Warren 3 World Trade Center 175 Greenwich Street New York, NY 10007 Email:<br>kdwbankruptcydepartment@kelleydrye.com;<br>ewilson@kelleydrye.com;<br>mmcloughlin@kelleydrye.com;<br>eperal@kelleydrye.com |
| *Via-Email*<br>Guangdong Aixi Sports Goods Co., LTD<br>Attn: Cathy Zhu, General Manager<br>No. 113, Da Xin Road, Chang Tang Area,<br>Da Lang Town, Dongguan City, China<br>E-mail: cathy@aixiltd.com | |
| *Via-Email*<br>david@davidchapmanlaw.com<br>Barry Gilbert<br>c/o David T. Chapman, Esq.<br>Chapman Law Group, A.P.C.<br>950 Northgate Dr., Suite 306<br>San Rafael, CA 94903 | *Via-Email*<br>Conte C. Cicala<br>CLYDE & CO US LLP<br>150 California Street, 15th Floor<br>San Francisco, CA 94111<br>Email: conte.cicala@clydeco.us |

___ By enclosing the above documents in an envelope and placing the envelope for collection and mailing on the date and at the place mentioned above following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is place for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. (CCP §§ 1013, 1013(a), 2015.5).

1   __X__ By emailing said document(s) to persons listed below to their email addresses also listed above in Adobe Acrobat, Word or WordPerfect.

2

3   __X__ By facsimile transmission as agreed by the parties from a facsimile transmission machine, whose telephone number is (818) 975-5256. For the same party at the facsimile number referenced above. The above document(s) were transmitted to a facsimile machine maintained by the person on whom it is served. The transmission was reported as complete and without error and the transmission report was properly issued by the sending fax machine. <u>A copy of the transmission report is hereby attached</u>. (CRC §2.306, CCP §§1013(e), 2015.5).

4

5

6

7 I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on April 13, 2023, at Westlake Village, California.

8

9                                            ANDREW GOODMAN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| From: | send@mail.efax.com |
| Sent: | Thursday, April 13, 2023 12:37 PM |
| To: | Andrew Goodman |
| Subject: | Successful transmission to 19168459799. Re: In Re Nextsport - |



Your fax was successfully sent to 19168459799 by eFax.

## Fax Details

**Reference Id:** 00258
**Date:** 2023-04-13 19:37:24 (GMT)
**Number of Pages:** 16
**Length of Transmission:** 666 seconds
**Receiving Machine Fax ID:** Franchise Tax Board



Mobile Apps

© 2023 Consensus Cloud Solutions, Inc. or its subsidiaries (collectively, "Consensus"). All rights reserved.
eFax is a registered trademark of Consensus.
700 S. Flower St., 15th Floor, Los Angeles, CA 90017

This account is subject to the terms listed in the eFax Customer Agreement.

| Unsecured Vendor Name | Vendor Contact | Email |
|---|---|---|
| Acorn | Scott Stillinger | scott@stillinger.com |
| American Express | William Becket | wbecket@becket-lee.com |
| American Label Technologies | | Josh@americanlabeltech.com |
| Bazaarvoice, Inc. | Emmanuel Gabler | emmanuel.gabler@bazaarvoice.com |
| Capital Premium Financing | | info@capitalpremium.net |
| Deborah Rader | | dnrader@theradercompany.com |
| Dekra Testing and Certification | Bo Hu | bo.hu@dekra.com |
| Dept of Finance Quebec | | ministre@finances.gouv.qc.ca |
| Dongguan Aixi Sports Goods Co.,Ltd. | Cathy Chu | cathy@aixiltd.com |
| State of California Income Tax | Bktcy Unit | (F) 916-845-9799 |
| JAS Forwarding Netherlands | Rene Kruse | rene.kruse@jas.com |
| JAS Forwarding UK | Caroline Deol | caroline.deol@jas.com |
| Mode Transportation | Cassandra Webb | cassandra.webb@modetransportation.com |
| OEC Group | Paul Tiger | ptiger.sfo@oecgroup.com; mgholamnejad.lax@oecgroup.co |
| OL USA LLC | Jason Tayler | tayler.jason@ol-usa.com |
| Qirui Sports (Hangzhou) Co., Ltd. | Fred Yang | qiruisport@163.com |
| Sinosure | | webmaster@sinosure.com.cn |
| Team Direct Management | Brad Rampy | brad@teamdirectmgmt.com |
| The Stable | Dean Koutroupas | dkoutroupas@thestable.com |
| Tri-State | David Ma | davidma@tsfec.com.hk lyndonlee@tsfec.com.hk |
| JBS Logistics (new owners of LE) | George Hynes | george@logisticedge.com |
| Logistic Edge, LLC | George Hynes | george@logisticedge.com |
| LS Logistics | Mark Jackson | mark.jackson@lanesales.com |

| | | |
|---|---|---|
| Tigers International Solutions PTY LTD. AU | Tracey Oldis | tracey.oldis@Go2Tigers.com |
| Tigers International Logistics BV | Leyla Ozkan | Leyla.Ozkan@go2tigers.com; sabina.mauri@jas.com; Marco.Touw@Jas.com; Stefan.Ramsaransing@Go2Tigers.com |
| Tigers Global Logistics Limited UK | Jay Permanand | jay.permanand@go2tigers.com |
| Montana (Tiwan) Int'l Co., Ltd. | Iris Su | tmontana@ms11.hinet.net |
| Yonkang Tangsheng Industry Co., Ltd. | Flora Lv | sales1@tangshengscooter.com |
| Yongtai Industry & Trade Co., Ltd. | Alex | ytf_asia@asiayongtai.com |
| Joe Deluca | | jdeluca@hciv.com |
| Barry Gilbert | | david@davidchapmanlaw.com; bgilbert7@gmail.com |
| Ed Dua | | ed@nextsport.com; |
| Robert Gold | | coachrobgold@aol.com goldstnd@aol.com |
| Ouiby, Inc. dba Kickfurther | David Koifman Jackson Killion | david@kickfurther.com; Jackson@kickfurther.com. |
| Amazon Capital Services, Inc. | | Amazon-deal@amazon.com; Brian.Peterson@klgates.com; |
| Wells Fargo Credit Line | Joseph Wolf | Joseph.Wolf2@wellsfargo.com |
| US Small Business Administration | Loan No. xxxx-9107 | Dante.acosta@sba.gov; |